UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

Chunhong Jia, *et al.*,

    Plaintiffs,

    v.                                                Case No.  1:18cv85

Gary Chan, *et al.*,                                  Judge Barrett

    Defendants.

## AMENDED ORDER

This matter is before the Court on Plaintiffs' Motion for an Ex Parte Temporary Restraining Order. (Doc. 2).  On February 9, 2018, Defendants Gary Chan, Terry Chan, Jacquelyn Chan, Boardwalk Fries Opportunities, L.P., BWF MGMT, LLC, Boardwalk Fries, LLC, Jardin Hill, LLC, Archway Partners, LLC, and Clearwater Hospitality Group, LLC ("Defendants") were notified of a hearing on the Ex Parte Temporary Restraining Order by email, and Gary Chan was also notified of the hearing by telephone.  Plaintiffs' counsel and Defendant Gary Chan participated in this hearing, which took place later that day, by phone.

The Court **GRANTED** Plaintiffs' request for a Temporary Restraining Order after this hearing.  (Doc. 14).

This matter was set for a follow-up status conference on February 13, 2018.  Plaintiffs' counsel and Defendants' counsel both participated in this conference.  During this conference, Plaintiffs' counsel moved to amend this Court's Temporary Restraining Order to incorporate personal accounts held by Defendants Terry Chan, Gary Chan, and Jacquelyn Chan.  Thomas Wietholter, General Counsel for General Electric Credit Union, testified in support of Plaintiffs' motion to amend the Temporary Restraining Order.

This Court reviewed Plaintiffs' Motion and the testimony of Thomas Wietholter and, for good cause shown, hereby **GRANTS** Plaintiffs' motion to amend the Temporary Restraining Order. (Doc. 14).  The Court finds that: (1) Plaintiffs will be immediately and irreparably harmed if Defendants are not enjoined; (2) Plaintiffs have demonstrated a strong likelihood of success on the merits of their claims; (3) that all requirements of Fed. R. Civ. P. 65 have been satisfied; and (4) in order to prevent irreparable harm, Plaintiffs' motion should be, and hereby is, **GRANTED**.

It is therefore **ORDERED** that any funds, accounts, and assets maintained at General Electric Credit Union, PNC Bank, NA, and First Financial Bank, and escrow accounts in Plaintiffs' names at U.S. Bank, NA (collectively, the "Accounts") (a) in which Defendants, or any of them, have an ownership interest; (b) that are held in the name of any of the said Defendants; or, (c) that are held for the benefit of any of the said Defendants, including through corporations, trusts, partnerships, agents, nominees, friends, or relatives, are **FROZEN** and may not be moved, spent, pledged, concealed, hypothecated, or negotiated.

It is further **ORDERED** that personal funds, accounts, and assets belonging to Gary or Terry Chan, individually or jointly with others (collectively, the "Personal Accounts"), are **FROZEN** and may not be moved, spent, pledged, concealed, hypothecated, or negotiated.

It is further **ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are **HEREBY RESTRAINED** from directly or indirectly transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating, incurring debt upon (such as

credit card debt), or otherwise disposing of, or withdrawing, any funds from the Accounts or the Personal Accounts.

It is further **ORDERED** that General Electric Credit Union, PNC Bank, NA, First Financial Bank, U.S. Bank, NA, and financial institutions holding funds, accounts, and assets relating to the Personal Accounts belonging to Gary or Terry Chan, that receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, or others, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or assets, and shall notify the Court and counsel for the Plaintiffs of the existence, nature, and amount of any such funds or assets.

It is further **ORDERED** that Defendants Gary and Terry Chan shall identify every bank account, escrow account, and investment account they maintain, individually or jointly,  and shall notify counsel for the Plaintiffs of the existence, nature, and the amount of any such funds or assets maintained in each account.

It is further **ORDERED** that to effectuate the provisions of this Order, Plaintiffs shall cause a copy of this Order to be served on the above stated financial institutions either by United States mail or facsimile as if such service were personal service, in order to restrain and enjoin any such institution from disbursing funds or anything else of value, directly or indirectly, to or on behalf of Defendants or any companies or persons or entities under their control.

This Order is issued without bond.

This matter shall be heard for a telephonic hearing on Friday, February 16, 2018, at 10:30 a.m. The parties shall initiate contact with the Court by calling 513-564-7660 five minutes prior to 10:30 a.m.

This order shall expire on February 23, 2018, unless extended by the Court.

**IT IS SO ORDERED**.

                                              /s/ Michael R. Barrett
                                        MICHAEL R. BARRETT
                                        UNITED STATES DISTRICT JUDGE